UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICOLE F. PULVINO,
        Plaintiff,

        v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,
        Defendant.
_____

DECISION AND ORDER
17-cv-6507 (JWF)

## Preliminary Statement

Plaintiff Nicole F. Pulvino brought this action pursuant to Title XVI of the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for supplemental security income ("SSI"). See Compl. (Docket # 1). Presently before the Court are the parties' competing motions for judgment on the pleadings. Docket ## 9, 12. For the reasons that follow, plaintiff's motion (Docket # 9) is **granted**, the Commissioner's motion (Docket # 12) is **denied**, and the matter is remanded to the Commissioner for further proceedings.

## Background and Procedural History

On June 13, 2012, plaintiff filed an application for SSI, alleging disability beginning December 30, 2009. Administrative Record ("AR.") at 126. After the application was denied, plaintiff timely requested a hearing on October 31, 2012. Id. Administrative Law Judge Rosanne M. Dummer ("the ALJ") held a hearing on September

17, 2013. Id. Plaintiff appeared with counsel and testified at the hearing. Id. On November 1, 2013, the ALJ issued an unfavorable decision. AR. at 127. Plaintiff timely requested review by the Appeals Council, which vacated and remanded the ALJ's decision. AR. at 140-42. The Appeals Council found the ALJ failed to assign weight to the opinion of a non-treating source regarding plaintiff's exertional limitations and directed the ALJ on remand to, *inter alia*, further develop the administrative record. See AR. at 141-42. On September 8, 2015, the ALJ held a second hearing. AR. at 77. Plaintiff appeared with counsel and testified at the hearing. Id. The ALJ considered the case *de novo* and, again, issued a decision in which she concluded that plaintiff was not disabled. AR. at 17-35. Plaintiff timely requested review by the Appeals Council, which was denied on May 30, 2017, making the ALJ's decision the final decision of the Commissioners. AR. at 1. Plaintiff then filed this lawsuit.

## Discussion

The ALJ found that plaintiff suffers from several severe mental health-related impairments, specifically panic disorder with agoraphobia, anxiety and depression. AR at 20. Plaintiff's hearing testimony and mental health treatment records support her claim of disability based on these non-exertional limitations. Of particular relevance to this appeal were the findings and opinions of plaintiff's long-time treating therapist, Jana Wachsler-Felder,

2

Ph.D., who had treated plaintiff for six years from 2005 to 2011. AR. at 422; see AR. at 81 (plaintiff testified she was treated for mental health issues at "Boike [] Clinic for six years"). On September 14, 2011, Wachsler-Felder summarized her findings and opinions in a "Psychological Assessment for Determination of Employability" report provided to the Monroe County Department of Human Services. AR. at 422-25. In that four-page report, Wachsler-Felder opined that since adolescence plaintiff has suffered from "severe" anxiety, panic disorder with agoraphobia and depression. AR. at 424. Wachsler-Felder had been treating the plaintiff since January 2005 and had evaluated plaintiff three times in the past twelve months. AR at 422. Based on their extended treatment relationship, Wachsler-Felder was of the opinion that plaintiff was unable to participate in any activates except treatment or rehabilitation for 12-24 months. AR. at 424. She also indicated that plaintiff would be unable to regularly attend to a routine and maintain a schedule more than 25% of the time. Id. Had Wachsler-Felder's opinion been credited, the vocational expert testified that plaintiff would be unable to unable to work in a competitive employment environment. AR. at 70-72.

In evaluating plaintiff's disability claim, however, the ALJ gave this opinion from the treating mental health provider "little weight." AR. at 29. Plaintiff claims that in discounting the

3

weight of her treating mental health provider, the ALJ failed to adhere to the rules and procedures required when evaluating opinions from a valid treating source. I agree, and accordingly remand is required.

The Commissioner's own regulations "mandate[] that the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); see 20 C.F.R. § 416.927(d)(2) ("Generally, we give more weight to opinions from your treating sources."). Where, as here, an ALJ gives a treating physician's opinion something less than "controlling weight," she must provide good reasons for doing so. Our circuit has consistently instructed that the failure to provide good reasons for not crediting the opinion of a plaintiff's treating physician is a ground for remand. See Schaal v. Apfel, 134 F.3d 496, 503-05 (2d Cir. 1998); see also Halloran v. Barnhart, 362 F.3d 28, 33 (2d Cir. 2004) (*per curiam*) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician['s] opinion and we will continue remanding when we encounter opinions from ALJs that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion."); Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003) ("The SSA recognizes a 'treating

4

physician' rule of deference to the views of the physician who has engaged in the primary treatment of the claimant."). Our circuit has also been blunt on what an ALJ must do when deciding not to give controlling weight to a treating physician:

> To override the opinion of the treating physician, we have held that the ALJ must <u>explicitly</u> consider, *inter alia*: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist. After considering the above factors, the ALJ <u>must comprehensively set forth his reasons</u> for the weight assigned to a treating physician's opinion. The failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand. The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion.

<u>Greek v. Colvin</u>, 802 F.3d 370, 375 (2d Cir. 2015) (emphasis added) (internal citations, quotations and alterations omitted).

The ALJ gave three reasons for only giving "little weight" to Wachsler-Felder's opinions. First the ALJ reasoned that Wachsler-Felder's opinion was "not consistent with the overall evidence." AR. at 29. As noted earlier, Wachsler-Felder opined that plaintiff's panic disorder with agoraphobia and depression would prevent her from working for one to two years. AR. at 424. She also assessed plaintiff's functional limitations and found that plaintiff was moderately limited in maintaining attention and concentration for role tasks and in performing low stress and simple tasks and was very limited in attending a routine and

5

maintaining a schedule. Id. It is unclear what "overall evidence" the ALJ was referring to. A fair reading of the record, both the medical evidence and plaintiff's testimony, supports rather than contradicts Wachsler-Felder's opinion. For example, as the ALJ noted, plaintiff's GAF scores (45 in September 2011 and 55 in July 2012) indicate serious limitations is functioning. Treatment notes from plaintiff's mental health records demonstrate a consistency to her mental health issues and diagnosis by treatment providers other than Wachsler-Felder. See, e.g., AR. at 360, 365, 368, 369, 370, 397, 405, 408-09. The 2012 consultative evaluation by psychologist Yu-Ying Lin, Ph.D., recommended "psychiatric intervention, individual psychological therapy, vocational training," and found plaintiff's prognosis to be only "fair." AR. At 378. Put simply, the "overall record" seems to be fully consistent with Dr. Wachsler-Felder's assessment that was only given "little weight" by the ALJ.

The second reason given by the ALJ for discounting Wachsler-Felder's assessment was that Dr. Wachsler-Felder only indicated "conservative care." AR. at 29. Yet this Circuit has repeatedly held that it is error for an ALJ to discount the opinion of a treating physician "merely because [s]he has recommended a conservative treatment regimen." Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008). Here, Dr. Wachsler-Felder's opinion was supported by the evidence in the record and thus should not have

6

been disregarded simply because she recommended a conservative treatment plan. See Foxman v. Barnhart, 157 Fed. Appx. 344, 347 (2d Cir. 2005) (holding that "the ALJ erred in questioning the validity of [the treating physician's] opinion based on his 'conservative' course of treatment"); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000) (holding that district court and ALJ erred in "impos[ing] their notion that the severity of a physical impairment directly correlates with the intrusiveness of the medical treatment ordered"); Ganoe v. Comm'r of Soc. Sec., No. 514CV1396GTSWBC, 2015 WL 9267442, at *4 (N.D.N.Y. Nov. 23, 2015), report and recommendation adopted sub nom. Ganoe v. Colvin, No. 5:14-CV-1396, 2015 WL 9274999 (N.D.N.Y. Dec. 18, 2015) ("[A]n ALJ cannot rely on a plaintiff's prescribed conservative treatment as substantial evidence to undermine the treating physician's opinion."); Moon v. Colvin, 139 F. Supp. 3d 1211, 1220 (D. Or. 2015) ("[T]he fact that treatment may be routine or conservative is not a basis for finding subjective symptom testimony unreliable absent discussion of the additional, more aggressive treatment options the ALJ believes are available.").

Finally, and perhaps most problematic, the ALJ failed to develop the record by neglecting to obtain and examine Dr. Wachsler-Felder's treatment notes. Instead, the ALJ inferred that a lack of treatment notes meant that any notes that did exist "would not be helpful to the claimant's case." AR. At 29. This

7

was unfair to plaintiff and it is clear error. First of all, the Commissioner has an affirmative duty to develop the record for at least twelve months preceding a claimant's date of application. 20 C.F.R. § 416.912(b)(1). This duty may extend for a greater period of time if "there is a reason to believe that development of an earlier period is necessary . . . ." Id. "Even when a claimant is represented by counsel, it is the well-established rule in our circuit 'that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding.'" Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (quoting Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 508-09 (2d Cir. 2009)). Furthermore,

> [t]he Second Circuit has made clear that an ALJ cannot simply discount a treating physician's opinion based on a lack of clinical findings that accompany that opinion. Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998). Rather, the ALJ has an affirmative duty to develop the record and seek additional information from the treating physician, *sua sponte*, even if plaintiff is represented by counsel.

Pronti v. Barnhart, 339 F. Supp. 2d 480, 490 (W.D.N.Y. 2004).

Second, the ALJ's "duty [to develop the record] is *enhanced* when the disability in question is a psychiatric impairment." Camilo v. Comm'r of the Soc. Sec. Admin., No. 11 CIV. 1345 (DAB)(MHD), 2013 WL 5692435, at *22 (S.D.N.Y. Oct. 2, 2013) (emphasis added). This heightened duty has been discussed in numerous cases

8

in the Second Circuit and elsewhere. See, e.g., Gabrielsen v. Colvin, No. 12-CV-5694 (KMK) (PED), 2015 WL 4597548, at *4 (S.D.N.Y. July 30, 2015) (collecting cases). Failure to meet this duty requires remand to allow full development of an adequate record. Id. at *7.

There was absolutely no basis for the ALJ to infer that the lack of treatment notes in the record suggests that such notes would not have been "helpful to the claimant's case." Indeed, the inference that the ALJ suggests pays tribute to the conclusion that there existed available medical records which would be relevant to plaintiff's claim for disability. Instead of seeking out those records, the ALJ decided to infer what they would say. It was incumbent on the ALJ to try and obtain relevant records. It is only fair that "[i]f the ALJ is not able to fully credit a treating physician's opinion because the medical records from the physician are incomplete or do not contain detailed support for the opinions expressed, the ALJ is obligated to request such missing information from the physician." Correale-Englehart v. Astrue, 687 F. Supp.2d 396, 428 (S.D.N.Y. 2010) (citing Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."). The treatment notes at issue here were from plaintiff's treating mental health professional in a claim

for SSI based, in large part, on mental health issues. On remand, the ALJ should seek the records from Dr. Wachsler-Felder.

## Conclusion

Based on the foregoing, plaintiff's motion for judgment on the pleadings (Docket # 9) is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 12) is **denied**, and the matter is remanded to the Commissioner for further proceedings consistent with the Decision and Order.

IT IS SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: July 24, 2018
Rochester, New York